960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
R.J. LIDDY MOVING AND TRANSPORT, INC., Respondent.
 No. 92-5457.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 CONSENT JUDGMENT
 
 1
 This Court having on October 16, 1990, entered its judgment enforcing the Board's Order against Respondent, R.J. Liddy Moving and Transport, Inc., its officers, agents, successors, and assigns, and the parties having consented to the entry of a consent judgment by stipulation dated October 24, 1991, and the Board having applied to this Court for the entry of a consent judgment, upon consideration of said application and stipulation:
 
 
 2
 IT IS HEREBY ORDERED AND ADJUDGED by the Court that the Respondent, R.J. Liddy Moving and Transport, Inc., its officers, agents, successors, and assigns, shall take the following affirmative action which the National Labor Relations Board has found will effectuate the policies of the National Labor Relations Act, as amended.
 
 
 3
 (a) Make whole Francis Mithen and Thomas Paulson for loss of pay suffered by reason of the discrimination against them, by payment to them of the totals set forth below:
 
 Backpay Medical Exp. Interest Total
 
 4
 Francis Mithen $14,305 $7,607 $6,855 $28,767
Thomas Paulson $11,162 "0" $4,606 $15,768
 
 
 5
 (b) Within 10 days of the execution of the Stipulation and its submission to the Board, Respondent shall commence making fifty-two (52) weekly payments of $553.22 ($275.10 backpay, $146.29 medical expense, and $131.83 interest) made payable to Francis Mithen; and $303.23 ($214.65 backpay and $88.58 interest) made payable to Thomas Paulson. Federal, state and city income tax deductions shall be taken from the backpay portion of the payments only; no deductions shall be taken from the medical expense or interest portions of the payments. Said payments will be mailed to the Regional Office of the Seventh Region of the Board, where they shall be held in escrow until the issuance of the Board's Supplemental Order, at which time all payments held in escrow will be sent to the payees. Thereafter, Respondent will continue to make consecutive weekly payments in accordance with this paragraph.
 
 
 6
 (c) If Respondent fails to make any one, or more, of the above-described payments when due, or fails to pay in full any weekly amount due, the entire remaining portion of the debt owed the two individuals shall fall due, without notice or demand, plus interest computed in accordance with the formula set forth in Florida Steel Corporation 231 NLRB 651 (1977), until all amounts due are paid.
 
 
 7
 Mandate shall issue forthwith.